## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA

SAVANNAH LOWE,

            Plaintiff,

v.

REVENUE MANAGEMENT GROUP, INC., and KEYBRIDGE MEDICAL REVENUE CARE, and GENERAL AUDIT CORP, and KEYBRIDGE REVENUE MANAGEMENT INC.

            Defendants.

CIVIL ACTION No: 2:22-cv-00112

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1332 (d)(1), §1332 (d)(2), and §1446 (b)(3), Defendants Revenue Management Group Inc. and Keybridge Medical Revenue Care, and General Audit Corp., and Keybridge Revenue Management, Inc. ("Defendants") remove the above captioned action to the United States District Court for the Southern District of West Virginia, Charleston Division. In support thereof, Defendants offer as follows:

    1.    Plaintiff Savannah Lowe commenced this Civil Class Action against Defendants on or about May 12, 2021 by filing suit in the Circuit Court of Boone County, West Virginia, at Civil Action Number 03-2021-C-18, and captioned Savannah Lowe, Plaintiff v. Revenue Management Group, Inc., and Keybridge Medical Revenue Care, and General Audit Corp., and Keybridge Revenue Management, Inc., Defendants. (*See* Exhibit A - Plaintiff's Class Action Complaint).

    2.    This civil class action arises out of alleged violations by Defendants in attempting to collect debts from consumers throughout the state of West Virginia under the name Keybridge Medical Revenue Care. (*See* Exhibit A, ¶12)

3. Plaintiff's claim Defendants violated the West Virginia Consumer Credit and Protections Act and Collection Agency Act of 1973. Plaintiff's Class Action Complaint alleges only West Virginia state law claims.

4. Under 28 U.S.C. §§ 1332 (k)(1), this court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, ended between citizens of different states.

5. Plaintiff is a citizen of the United States residing in Boone County West Virginia.

6. A corporation is a citizen of every state where it is incorporated and where it maintains its principal place of business. 28 U.S.C. § 1332 (c)(1). A corporation's "principal place of business" refers to the "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 175 L.Ed. 2d 1029 (2010).

7. As such, Defendants are citizens of the State of Ohio, under 28 U.S.C. §1332 (c)(1). Defendants General Audit Corp. and Revenue Management Group, Inc. are corporations that are incorporated and have a principal place of business located at 2348 Baton Rouge Ave., Lima, Ohio 45805.

8. Plaintiffs and Defendants are "citizens of different states" within the meaning of 28 U.S.C. §1332 (c)(1).

9. After the pleadings have closed in this matter, the parties entered into discussions regarding possible resolution of the case.

10. To further the discussions, Plaintiff, for the first time, provided a demand letter dated February 7, 2022, alleging the class would consist of over 9,000 West Virginia residents and

seeking damage for the proposed class in excess of $5 million. (*See* Exhibit B, Plaintiff's February 7, 2022 demand letter, which is confidential and will be filed under seal).

11.     Under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d), this court has subject matter jurisdiction over class action in which the amount in controversy exceeds $5 million, the proposed class consists of more than 100 members, and there is minimal diversity. In addition, a plaintiff who seeks to represent a class may not avoid federal jurisdiction by stipulating that the amount in controversy does not exceed $5 million. *See* <u>Standard Fire Insurance Co. v. Knowles</u>, 133 S.Ct. 1345 (2013).

12.     Under 28 U.S.C. §1446(b)(3), a case that is not immediately removable may be removed by filing a Notice of Removal within thirty (30) days of the defendant's receipt of a paper from which it may be ascertained that the case has become removable. Under 28 U.S.C. §1453 (b), the one (1) year limit on filing such a Notice of Removal in diversity cases does not apply to class actions. *See* <u>Elliott Graiser v. Visionworks of America, Inc.</u>, 819 F.3d 277 (6th Cir. 2017).

13.     Defendants first received documents from Plaintiff from which Defendant could unambiguously ascertain CAFA jurisdiction and that the potential damages exceeded the $5 million threshold upon receipt of the February 7, 2022 demand letter. This was the first time Defendants were able to ascertain that this case became removable under CAFA. *See* <u>Elliott Grazer v. Visionworks of America Inc.</u>, 819 F.3d 277 (6th Cir. 2017) ("In CAFA cases, the thirty-day clocks of §1446(b) begin to run only when the defendant receives a document *from the plaintiff* from which the defendant can unambiguously ascertain CAFA jurisdiction. Under this bright-line rule, a defendant is not required to search its own business records or 'perform an independent investigation into a plaintiff's indeterminate allegations to determine remove ability.'").

14. Because this Notice of Removal is filed within 30 days of receipt of the February 7, 2022 demand letter, which is the first time Defendants were able to ascertain that the case became removable under CAFA, it is timely made pursuant to 28 U.S.C. § 1332(d)(1), § 1332 (d)(2), and §1446(b)(3).

15. Pursuant to 28 USC §1446(d), a copy of this Notice of Removal, along with a Notice of Filing a Notice of Removal, is being promptly sent to all counsel of record and filed with the Clerk of Court of Boone County West Virginia.

16. Pursuant to filing requirements, Defendant attaches as exhibits to this Notice of Removal the docket for the underlying state case (Exhibit C) and the filings from the underlying/related state case (Exhibits D-1 – D-13).

WHEREFORE, Defendants, Revenue Management Group Inc. and Keybridge Medical Revenue Care, and General Audit Corp., and Keybridge Revenue Management, Inc. by their undersigned counsel, hereby removes the above captioned action from the Circuit Court of Boone County West Virginia to the United States District Court of the Southern District of West Virginia, and requests that all further proceedings be conducted in this court as provided by law.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ John W. Burns*
John W. Burns, Esquire
W.V. ID #1043
707 Grant Street, Suite 3800
Pittsburgh, PA  15219
(JBurns@grsm.com)

## **CERTIFICATE OF SERVICE**

The undersigned, counsel of record for the Defendants, does herby certify on this 28th day of _____February____ 2022 that a true copy of the foregoing *Notice of Removal* was served upon all counsel of record by the court's electronic filing service and by electronic mail to:

Steven S. Wolfe, Esquire
Wolfe, White & Associates
60 Water Street
PO Box 536
Logan, WV 25601
*(Counsel for Plaintiff)*

GORDON REES SCULLY MANSUKHANI, LLP

By: __*/s/John W. Burns*_____
John W. Burns, Esquire
W.V. ID #10439
707 Grant Street, Suite 3800
Pittsburgh, PA  15219
(JBurns@grsm.com)