**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**SAVANNAH LOWE,**

**Plaintiff,** **CASE NO. 2:22-CV-00112**

**vs.**

**REVENUE MANAGEMENT GROUP, INC., *ET AL.*,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is ***Plaintiff's Motion to Remand*** (ECF No. 8) and accompanying ***Memorandum in Support*** (ECF No. 9). In response, Defendants filed their ***Opposition to Plaintiff's Motion to Remand*** (ECF No. 16) to which Plaintiff filed her Reply (ECF No. 18). Accordingly, this matter is fully briefed and ready for decision. For the reasons set forth *infra*, the Court **GRANTS** ***Plaintiff's Motion to Remand*** (ECF No. 8).

**Background**

On February 28, 2022, Defendants filed their Notice of Removal pursuant to 28 U.S.C. §§ 1332(d)(1), 1332(d)(2), and 1446(b)(3) (ECF No. 1); Defendants included several exhibits in support of their Notice, which collectively concern the class action complaint filed by Plaintiff on May 12, 2021 in the Circuit Court of Boone County, West Virginia (see, e.g., ECF No. 1-1). Plaintiff, on behalf of herself and all others similarly situated, allege that Defendants have violated the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-1-101 *et seq.*, and the Collection Agency Act of 1973, W. Va. Code § 47-16-1 *et seq.*, by attempting to collect consumer debt against West Virginia residents under a business name that is not the true name of the debt

collector's business and without being properly registered or licensed to collect debts within the State of West Virginia.[1]

**The Argument for Remand**

Plaintiff asserts two main grounds in support of remand: first, that Defendants' removal is untimely and/or waived; and second, Defendants have not demonstrated that the amount in controversy exceeds jurisdictional requirements under the Class Action Fairness Act (CAFA). (ECF No. 9) On May 20, 2021, Defendants received the class action complaint filed in state court along with Plaintiff's first set of discovery requests. Shortly thereafter, Defendants filed their motion to dismiss and from June 2021 through December 2021 Defendants' counsel wrote letters and emails to Plaintiff's counsel seeking resolution of the matter. A hearing concerning Defendants' motion was held on December 8, 2021 and on January 24, 2022 the Circuit Court of Boone County entered an order denying the motion. On January 31, 2022, Defendants moved for entry of a protective order to exchange sensitive discovery and filed their answer to Plaintiff's class action complaint. Defense counsel solicited a demand letter from Plaintiff, and Plaintiff responded to same by letter dated February 7, 2022.

Plaintiff contends that Defendants essentially slept on their rights to remove this matter to this Court when it sought a final determination on the merits in state court, after having been pending for several months. Plaintiff further argues that Defendants' removal is improper after having lost on their motion. Plaintiff states that Defendants' contention that they were unaware the amount in controversy exceeded jurisdictional requirements until they received Plaintiff's demand letter of February 7, 2022 is not credible, as Plaintiff's discovery requests would have easily led

[1] Initially, the undersigned was assigned to dispose of all discovery disputes in this matter (ECF No. 4), subsequently, following the entry of the Rule 26(f) Report of Planning Meeting (ECF No. 10), this matter was transferred to the undersigned for all further proceedings, including entry of final judgment (ECF No. 22).

them to ascertain the amount in controversy given the potential class size.

Plaintiff asserts Defendants tested and lost their motion to dismiss in state court, and are manipulating the removal statute in an effort to seek a more favorable outcome in this Court.

**The Argument for Removal**

In response, Defendants argue that removal is timely because it was not until they received Plaintiff's February 7, 2022 demand letter did they become aware of the amount in controversy - $9.3 million; Plaintiff' named four different entities in her complaint with broad claims, making it unclear whether the basis for removal jurisdiction had been met. (ECF No. 16) Defendants were under no obligation to conduct their own investigation into ascertaining whether Plaintiff's claims were removable, however, Defendants met CAFA jurisdictional requirements once they learned of Plaintiff's demand and filed a timely removal notice.

Defendants did not waive their right to removal by filing their motion to dismiss, because they were compelled to do so in order to avoid potential entries of default judgment and waiver of defenses. Defendants argue that Plaintiff's cited case law is distinguishable from the case at bar given the factual histories. Further, Defendants sought information from Plaintiff repeatedly in an attempt to evaluate Plaintiff's claims and to reach a possible resolution, which was exacerbated by Plaintiff's own delay pending resolution of the motion to dismiss. The state court proceedings did not involve extensive procedural matters that precludes removal; Defendants sought to avoid as much involvement in state court and only took action when compelled to do so. Defendants speculate that Plaintiff intentionally caused the delay to augment her argument against removal.

**Plaintiff's Reply to Defendants Argument for Removal**

Defendants' contention that Plaintiff rebuffed their attempt to settle this case to justify filing a dispositive motion is meritless, and further Defendants withheld discovery by seeking a

stay of same pending resolution of their motion to dismiss. (ECF No. 18) Defendants sought affirmative relief while this case was pending in state court and were not compelled to do so. Plaintiff points to the procedural history in the state court proceedings coupled with the removal timeline in Section 1446(b) shows that Defendants slept on their right of removal, and only after testing their motion to dismiss, and then to seek a more favorable jurisdiction with this Court.

**Legal Standard**

A defendant may remove a case from state court to a federal court with original jurisdiction. 28 U.S.C. § 1441. Under CAFA, district courts have original jurisdiction over class actions in which (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant"; (2) "there are 100 or more plaintiff class members"; and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." West Virginia ex rel. McGraw v. CVS Pharm., Inc., 646 F.3d 169, 174 (4th Cir. 2011); 28 U.S.C. §§ 1332(d)(2), (d)(5). Unlike removal in other types of cases, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014) (citations omitted). However, when removal is challenged, the defendant still has the burden of establishing jurisdiction under CAFA by a preponderance of the evidence. Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296-298 (4th Cir. 2008); see also, Caufield v. EMC Mortgage Corp., 803 F.Supp.2d 519, 528 (S.D.W. Va. 2011) (using the preponderance of the evidence standard and finding that "[t]he mere possibility that the plaintiff and proposed class could meet [the amount in controversy requirement] is not enough to give this court jurisdiction").

A plaintiff's demand letter can be considered in the amount in controversy calculus. See 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within 30 days after receipt by the

defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable."); Scaralto v. Ferrell, 826 F.Supp.2d 960, 967 (S.D.W. Va. 2011) (Goodwin, J.) ("The amount in controversy is not what the plaintiff, his lawyer, or some judge thinks a jury would award the plaintiff assuming he prevails on the merits. It is what the plaintiff claims to be entitled to or demands."); Wyatt v. Capital One Bank (USA), N.A., 2015 WL 105965, at *2 (N.D.W. Va. Jan. 7, 2015) (Stamp, J.) ("The term 'other paper' includes settlement offers."); Upper Ohio Valley Italian Heritage Festival v. Burlington Ins. Co., 2018 WL 5284207, at *4 (N.D.W. Va. Oct. 24, 2018) (Stamp, J.).

A court analyzing whether to remand based on a waiver must be mindful that "the guiding rationale behind the doctrine of waiver is concern for preventing a removing defendant from 'test[ing] the waters in state court and, finding the temperature not to its liking, beat[ing] a swift retreat to federal court.' " Small v. Ramsey, 2010 WL 4394084 (N.D.W. Va. Nov. 1, 2010) (quoting Estate of Krasnow v. Texaco, Inc., 773 F.Supp. 806, 809 (E.D. Va. 1991)).

**Discussion**

As an initial matter, it is apparent that the parties have no dispute regarding the putative class size or the amount in controversy, and to that extent, the jurisdictional requirements under Section 1332 have been met. The issues presented are whether Defendants have timely removed this matter and/or waived their right to removal based on their activity during the underlying state court proceedings.

Defendants attached numerous exhibits in support of their Notice of Removal that concern the Boone County Circuit Court proceedings which provide the following procedural history:

On May 12, 2021, Plaintiff filed the complaint[2] as well as the first set of interrogatories, requests for production and requests for admission. (ECF Nos. 1-1, 1-3)

On June 18, 2021, Defendants' counsel filed a notice of appearance, and filed their motion to dismiss (ECF No. 1-4), their brief (ECF No. 1-5) and several exhibits in support of their motion.

On June 21, 2021, Defendants filed a supplement to their brief in support of their motion to dismiss to include a "corrected" affidavit/exhibit. (ECF No. 1-6)

On July 7, 2021, Defendants filed a motion to stay discovery. (ECF No. 1-7)

On October 21, 2021, Defendants filed their motion for argument on pending motion to dismiss.

On October 25, 2021, the Circuit Court entered an order setting a hearing on the motion. (ECF No. 1-8)

On October 29, 2021, Defendants filed an amended motion to stay discovery. (ECF No. 1-9)

On November 24, 2021, the Circuit Court entered an amended order setting a hearing on the pending motion. (ECF No. 1-10)[3]

On December 3, 2021, Plaintiff filed a response to Defendants' motion to dismiss along with a couple of supporting exhibits. (ECF No. 1-11)

On January 13, 2022, Defendants submitted a proposed findings of fact and conclusions of law and order granting the motion to dismiss was filed. (ECF No. 1-12)

---

[2] Plaintiff's complaint provides as "Binding Stipulation" that concerns Plaintiff's "individual" claims and that "she will not seek nor accept a recovery in excess of $74,999.00." (ECF No. 1-1 at 17)

[3] It is noted that a different Circuit Court Judge would hear arguments on the motion, thus triggering the rescheduling of the hearing.

On January 24, 2022, the Circuit Court entered an order denying Defendants' motion to dismiss. (ECF No. 1-13)

On January 31, 2022, Defendants filed their Answer and Affirmative Defenses. (ECF No. 1-15)

On January 31, 2022, Defendants filed their motion for entry of a protective order (ECF No. 1-14); the agreed protective order was entered by the Circuit Court. (ECF No. 1-16)

The parties rely on several cases that most align with their respective arguments, and of those, the undersigned finds these most relevant to the issues raised herein:

For starters, Plaintiff relies on Redman v. Javitch Block, LLC, No. 3:21-cv-37, 2021 WL 5177462 (N.D.W. Va. Oct. 12, 2021) (Groh, J.) (ECF No. 9 at 3, 5; ECF No. 18 at 2). In Redman, the Court granted the plaintiff's motion to remand because the defendant demonstrated a desire to litigate in state court: it filed a motion to dismiss, a letter with supplemental authority to the judge, and a motion to stay discovery pending resolution of the motion to dismiss – of significance here is that the Court noted one of the arguments supporting the motion to dismiss raised the doctrine of *res judicata*, since a prior litigation precluded the plaintiff's claims in the instant case. Further, the Court noted that the defendant filed the notice of removal "within a few hours" of a new judge's assignment to the case.[4] Interestingly, the state court had not yet ruled on the defendant's motion to dismiss in that case.

Plaintiff also relies on Wolfe v. Wal-Mart Corp., 133 F.Supp.2d 889 (N.D.W. Va. 2001) in which a motion to remand was granted following the defendant's filing of a motion for summary judgment while on notice notice that the non-diverse defendant was being dismissed from the case.

---

[4] The undersigned notes that this decision has been appealed to the Fourth Circuit, and remains pending. See, *Jerome Redman v. Javitch Block, LLC*, Case No. 21-2236 (4th Cir. Nov. 3, 2021).

While Defendants are correct in their assertion that the Wolfe case determined that a waiver of removability "may" occur when a party seeks some form of affirmative relief from the state court "when it is not compelled to take such action[]" (ECF No. 16 at 7; citing Wolfe at 892.), Defendants rely on Akin v. Ashland Chemical Co., 156 F.3d 1030 (10th Cir. 1998) in support of removal: In Akin, the court that held removal was proper where removal occurred within thirty days of the defendants' receipt of notice that the case was removable; the court also found that the defendants did not waive their right to removal because they had not received clear notice until receipt of a discovery response after one of the defendants filed a motion for summary judgment.[5] (ECF No. 16 at 6)

As noted *supra*, the timeliness of Defendants' removal is hotly debated: Plaintiff asserts Defendants should have known that the amount in controversy was over $5 million based on Plaintiff's complaint and initial set of discovery requests, which Defendants received in May 2021, as it was clear that there were 9,314 potential class members, and simple math (9,314 x $1000 statutory penalty) would have allowed them to ascertain the amount in controversy. (ECF No. 9 at 6) Defendants are also correct that they are under no obligation to conduct an investigation into plaintiff's indeterminate allegations to determine whether an action is removable (ECF No. 16 at 4); citing Graiser v. Visionworks of America, Inc., 819 F.3d 277, 284 (6th Cir. 2017). However, "a defendant *does* have a duty to 'apply a reasonable amount of intelligence to its reading of a plaintiff's complaint' or other document." Id. at 285 (quoting Cutrone v. Mortgage Electronic Registration Systems, Inc., 749 F.3d 137, 145 (2nd Cir. 2014)) Indeed, "a defendant cannot prevent the beginning of the thirty-day window by refusing to '[m]ultiply[ ] figures clearly stated in a

[5] The undersigned does not find the Akin holding wholly persuasive or helpful in the matter at bar, given that the discovery response showed the case was removable due to Article 1 of the U.S. Constitution where the United States has "exclusive" jurisdiction over federal enclaves, as an air force base was involved in the case. See, Akin at 1034.

complaint.' " Id. (quoting Kuxhausen v. BMW Financial Services NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013); see also, Romulus v. CVS Pharmacy, Inc., 770 F.3d 67 (1st Cir. 2014) (defendant met CAFA jurisdictional threshold for the amount in controversy by making reasonable calculations from plaintiff's pleadings and other documents plaintiff sent to defendant).

Section 1446(c)(3)(A) states:

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), *information relating to the amount in controversy in the record of the State proceeding,* or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

28 U.S.C. § 1446(c)(3)(A) (emphasis added).

The Court acknowledges that the parties accuse each other of engaging in "gamesmanship" in order to gain an advantage with respect to removal or remand, with both sides contending that the other was the sole cause of the delays during the state court proceedings, thus lending support for their respective positions. (ECF No. 9 at 6-7; ECF No. 16 at 8-9) This Court further recognizes that the Sixth Circuit adopted a bright-line rule whereby a defendant must receive some document from plaintiffs that makes CAFA jurisdiction "unambiguous" to help curb the practice of gamesmanship of avoiding removal. Graiser v. Visionworks, 819 F.3d at 285-286. To be sure, Plaintiff's February 2022 demand letter provides an unambiguous amount in controversy. Nevertheless, as noted *supra*, while Plaintiff sought discovery from the onset of litigation, Defendants sought to stay discovery in an attempt to curtail the costs of litigation and to quickly settle Plaintiff's claims. There is no dispute that no discovery responses had been received by any party during the state court proceedings. Plaintiff has asserted that Defendants ascertained the class size on their own following receipt of Plaintiff's complaint and interrogatories.[6] (ECF No. 9 at 6)

[6] Plaintiff alleged that "the number of class members is so numerous that joinder of all of them is impractical . . . the hospital where the plaintiff allegedly incurred debt typically services a coverage area of multiple counties and tens of

Defendants do not contest this assertion, and there appears to be no dispute as to the numerosity of the proposed class size. Additionally, there is no dispute that the complaint and interrogatories does not contain an amount in controversy, and the complaint clearly alleged violations of W. Va. Code §§ 46A-2-127, 46A-2-128, 46A-6-104 (including violation of W. Va. Code § 47-16-2 for which Plaintiff sought additional relief under the West Virginia Uniform Declaratory Judgment Act, W. Va. Code § 55-13-12). (ECF No. 1-1) The WVCCPA explicitly provides a penalty of $1,000 per violation. See W. Va. Code § 46A-5-101(1).[7]

Under these circumstances, the Court finds that Defendants waived their right to remove this matter to this Court. In so finding, the Court is not convinced that Defendants were "compelled" to file their motion to dismiss, and for certain, Defendants have not demonstrated they were likewise "compelled" to file two motions to stay discovery, a motion requesting a hearing on their motion to dismiss, or even following the state court's denial of the motion to dismiss, the subsequent motion for protective order for which they obtained Plaintiff's consent to entry. None of this suggests that Defendants were "compelled" to take such actions, as they

thousands of patients . . . the applicable Class period spans collection attempts up to and including the previous four (4) years from the date of Defendant receiving their notice of right to cure." (ECF No. 1-1 at 9-10, ¶19) Plaintiff also alleged that "[t]he members of the proposed Class will be easily ascertained from the records of the defendant when discovery commences herein." (Id. at 10, ¶20) Plaintiff alleged that "the amount in controversy for each Class member's claims would make individual lawsuits economically unfeasible, if not impossible." (Id., ¶25)

[7] W. Va. Code § 46A-5-101(1) If a creditor or debt collector has violated the provisions of this chapter applying to collection of excess charges, security in sales and leases, disclosure with respect to consumer leases, receipts, statements of account and evidences of payment, limitations on default charges, assignment of earnings, authorizations to confess judgment, illegal, fraudulent or unconscionable conduct, any prohibited debt collection practice, or restrictions on interest in land as security, assignment of earnings to regulated consumer lender, security agreement on household goods for benefit of regulated consumer lender, and renegotiation by regulated consumer lender of a loan discharged in bankruptcy, the consumer has a cause of action to recover: (a) Actual damages; and (b) a right in an action to recover from the person violating this chapter a penalty of $1,000 per violation: *Provided,* That the aggregate amount of the penalty awarded shall not exceed the greater of $175,000 or the total alleged outstanding indebtedness: *Provided, however,* **That in a class action the aggregate limits on the amount of the penalty set forth above shall be applied severally to each named plaintiff and each class member such that no named plaintiff nor any class member may recover in excess of the greater of $175,000 or the total alleged outstanding indebtedness.** (*italics* in original; **bold** and underline supplied)

collectively sought "some form of affirmative relief from the state court." See Wolfe v. Wal-Mart Corp., 133 F.Supp.2d at 892.

While the Court recognizes the Dart Cherokee Basin Operating Co., LLC v. Owens holding that antiremoval presumption is disfavored in certain CAFA cases, *supra*, the Court notes that the Fourth Circuit's holding in Mulcaney v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148 (4th Cir. 1994) is more persuasive for remand: the bases of the class action complaint concerns only West Virginia law, and the Boone County Circuit Court has already considered Plaintiff's allegations pursuant to West Virginia law and denied Defendants' motion to dismiss as to same. While the Court appreciates Defendants' contention that they were unaware of the amount in controversy until receipt of Plaintiff's demand letter earlier this year, Defendants still had an obligation to use reasonable intelligence to ascertain the removal requirements when it received "other papers" from Plaintiff, such as her complaint and discovery requests. This Court further finds that Defendants removal shortly after the Boone County Circuit Court denied their motion to dismiss smacks of " 'test[ing] the waters in state court and, finding the temperature not to its liking, beat[ing] a swift retreat to federal court[]' " that the Northern District found in Small v. Ramsey, *supra*.

Accordingly, for the reasons stated herein ***Plaintiff's Motion to Remand*** (ECF No. 8) is **GRANTED**. This action is hereby **REMANDED** to the Boone County Circuit Court.

The Clerk is directed to transmit this memorandum opinion and order to all counsel of record and any unrepresented parties and a certified copy to the clerk of court for Boone County Circuit Court.

**ENTER: June 2, 2022**.



Omar J. Aboulhosn
United States Magistrate Judge